UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RUTH KOBZA,

                     Plaintiff,

    v.

TARGET STORES, INC. and
BENEDICT GREGORY, III,
                     Defendants.
_____

**REPORT AND RECOMMENDATION**

09-CV-00865(S)(M)

       This action was referred to me by Hon. William M. Skretny for supervision of pretrial proceedings, including the preparation of a report and recommendation on dispositive motions [11].[1] Before me are the motion of defendant Target Corporation (sued herein as Target Stores, Inc. and hereafter referred to as "Target") to dismiss, deny joinder and/or sever parties [8], and the motion of plaintiff seeking remand of this action to State of New York Supreme Court, County of Erie [10]. For the following reasons, I recommend that plaintiff's motion be granted,[2] and that Target's motion be remanded to state court for determination.

**BACKGROUND**

       Plaintiff commenced this action on October 7, 2008 in State of New York Supreme Court, County of Erie, seeking to recover damages for personal injuries sustained by her on June 24, 2008, when she allegedly slipped and fell at Target store #1013 in Buffalo, New

---

[1]     Bracketed references are to CM-ECF docket entries.

[2]     "A magistrate judge presented with such a motion [seeking remand] should provide a report and recommendation to the district court that is subject to *de novo* review under Rule 72." Williams v. Beemiller, Inc., 527 F. 3d 259, 266 (2d Cir. 2008).

York. She named Target and its employee, Benedict Gregory III ("Gregory") as defendants. *See* Summons and Complaint [1, Ex. B]. Target admits that "since both the Plaintiff and defendant Gregory are residents of the State of New York, diversity of citizenship was not complete and this Court lacked jurisdiction" at the time the action was commenced in state court. Target's Memorandum of Law [8-9], p. 2.

Target subsequently moved in state court to dismiss Gregory's claims, and plaintiff cross-moved to add two new defendants. On October 6, 2009, New York State Supreme Court Justice John A. Michalek orally granted both motions, stating that "after extensive discovery as much as we've had on the issue, plaintiff has not come up with anything upon which to base a claim against the defendant Gregory outside the scope of his employment . . . . The defendant Gregory must be dismissed. However, I will grant the motion for leave to amend [the] complaint". Mooney declaration [8-1], Ex. C.

Without awaiting the entry of an order confirming Justice Michalek's oral rulings, Target filed a notice removing the state court action to this court that same day [1].[3] The following day (October 7, 2009), plaintiff filed an amended complaint in state court, naming Gary D. Lewis, d/b/a Prestige Floor Care & Services, and Howard Orlando, d/b/a Prestige Multiclean, as additional defendants. Mooney declaration [8-1], Ex. B.

In moving to dismiss the amended complaint, Target argues that the filing of this pleading in state court after the notice of removal had been perfected is invalid because, as of that time, "the state court was completely divested of jurisdiction". Target's Memorandum of Law [8-9], p. 4. In the alternative, it argues that since the newly-named defendants have no

---

[3] Target prepared and filed a written order, with notice of entry in the Erie County Clerk's office, dated October 28, 2009. Mooney declaration [8-1], Ex. C.

connection to the accident which allegedly injured plaintiff, "all of Plaintiff's claims against these defendants should be dismissed on the merits, or not permitted to be filed". Id., p. 6.

In response, plaintiff argues that the "action must be remanded because there is no diversity of citizenship as the plaintiff is a New York resident as are defendants Gary D. Lewis and Howard Orlando". Sendziak affidavit [10-2], ¶16. "Target argued, as it does now, that the plaintiff's proposed amendment lacked merit and was fraudulent. Justice Michalek rejected Target's arguments . . . . Target did not like the decision of Justice Michalek and now wants this court to second guess Justice Michalek's decision". Sendziak affidavit [15], ¶¶4-5.

## ANALYSIS

**A.      Plaintiff's Motion for Remand [10]**

Although Target's motion to dismiss the amended complaint was filed before plaintiff's motion for remand, I will consider the latter motion first, since it raises the question of subject matter jurisdiction - absent which this court lacks the power to decide any other issue. "Whether an action has been removed with right from a State court is a question that goes to a federal court's subject matter jurisdiction." Knight v. Hellenic Lines, Ltd., 543 F. Supp. 915, 916-17 (E.D.N.Y. 1982). *See also* 28 U.S.C. §1447(c) ("if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

As previously noted, plaintiff argues that remand is warranted because the two new defendants named in the amended complaint are New York residents. However, the residence of those defendants may not be considered in determining the propriety of the removal, since that issue must be "decided by the pleadings, viewed as of the time when the petition for

removal is filed", Vera v. Saks & Co., 335 F. 3d 109, 116, n. 2 (2d Cir. 2003), and the amended complaint was not filed until the following day.[4]

Nevertheless, the are other reasons for remand which, since they concern the court's subject matter jurisdiction, "may be raised on the court's own motion although the parties have not addressed the matter". Knight, supra, 543 F. Supp. at 917. "Indeed, even if the parties do not identify a potential problem in that respect, it is the duty of the court - at any level of the proceedings - to address the issue sua sponte whenever it is perceived." 2 Moore's Federal Practice (Third Ed. 2009), §12.30[1].

For example, although Target argues that removal was appropriate because "with Gregory's dismissal from the action, complete diversity now existed between Plaintiff and the only remaining defendant, Target" (Target's memorandum of law [8-9], p. 2), its admission that "diversity of citizenship was not complete and this Court lacked jurisdiction" when the action was commenced (id.) requires that the case be remanded. "Where [the] basis of removal is diversity then diversity of citizenship must exist at time action was filed in state court as well as at time of removal." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994). "If the record . . . does not reflect diversity *at both stages*, removal is improper and the case must be remanded." Williams v. Verizon Service Organization, Inc., 2009 WL 4571817, *2 (W.D.N.Y. 2009) (Arcara,

---

[4] Moreover, the amended complaint was filed in state court, not this court, in violation of the rule that once the notice of removal has been filed with the clerk of the state court, "the State court shall proceed no further unless and until the case is remanded". 28 U.S.C. §1446(d). However, Target also violated this rule by preparing and filing the order of dismissal and notice of entry on October 28, 2009.

J./Schroeder, M.J.) (emphasis added); Vasura v. Acands, 84 F. Supp. 2d 531, 535-36 (S.D.N.Y. 2000).

Moreover, the record makes clear that plaintiff opposed the dismissal of the complaint against Gregory, and "the involuntary dismissal of non-diverse parties does not make an action removable". Quinn v. Aetna Life & Casualty Co. 616 F. 2d 38, 40, n. 2 (2d Cir.1980). "The purpose of this distinction is to protect against the possibility that a party might secure a reversal on appeal in state court of the non-diverse party's dismissal." Id. *See also* 16 Moore's, supra, §107.30[3][a][ii][C] ("the involuntary dismissal of a nondiverse defendant, by court-ordered dismissal . . . does not ordinarily create diversity"); 14B Wright, Miller, Cooper, Federal Practice & Procedure (4th Ed.) §3723.

There appears to be a limited exception to this rule where the plaintiff allows the deadline for an appeal of the dismissal order to lapse without taking an appeal. *See* Quinn, supra, 616 F. 2d at 40, n. 2 ("by the time Judge Sifton came to decide the removability of this case, however, the time for plaintiffs to take an appeal from the involuntary dismissal of the non-diverse defendants had long passed, and no appeal by the plaintiffs had been taken . . . . Under these circumstances, plaintiffs' failure to take an appeal constituted the functional equivalent of a voluntary dismissal"). In this case, however, the deadline for plaintiff to appeal the dismissal of Gregory had not yet started to run as of the date of removal,[5] and after being served with the order of dismissal, plaintiff timely filed a notice of appeal. *See* Sendziak affidavit [10-1], ¶15 and Ex. K.

---

[5] New York Civil Practice Law and Rules ("CPLR") §5513(a) requires an appeal to be taken "within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry". The written order of dismissal and notice of its entry was dated October 28, 2009 - 22 days *after* the date of removal.

Furthermore, the propriety of removal must be "decided by the pleadings, viewed as of the time when the petition for removal is filed". Vera, supra, 335 F. 3d at 116, n. 2. "Removed proceedings arrive in federal court in the procedural posture they had in state court." D.H. Blair & Co., Inc. v. Gottdiener, 462 F. 3d 95, 108 (2d Cir. 2006). Therefore, I must examine the procedural posture of the state court proceedings as of October 6, 2009, when Target filed its notice of removal. Contrary to Target's assertion that Justice Michalek's oral ruling dismissing Gregory was effective as of the date of removal, CPLR Rule 2219 requires a court order to be "signed with the judge's signature or initials by the judge who made it". "An unsigned transcript of an oral decision . . . does not comply with CPLR 2219(a)." Blaine v. Meyer 126 A.D. 2d 508, 510 N.Y.S. 2d 628 (2d Dept. 1987).

Moreover, CPLR Rule 2220 requires that "an order determining a motion shall be entered and filed in the office of the clerk of the court where the action is triable". Until that occurs, the order is of no effect. *See* Skolnik v. Metro-North Commuter Railroad, 13 A.D. 3d 350, 786 N.Y.S.2d 100 (2 Dept. 2004) ("as no order was entered upon the decision, the Supreme Court's ruling as embodied therein was without effect"). Therefore, Justice Michalek's oral ruling did not effectuate Gregory's dismissal from the case as of the date of removal. Since he was still a named defendant at that time, complete diversity did not exist, and Target was not entitled to remove the case to this court.

For all of the foregoing reasons, I recommend that this action be remanded to State of New York Supreme Court, County of Erie, for further proceedings. In fairness to Target, however, it may address the grounds for remand upon which I have relied (and which were not argued by plaintiff), either in a motion for reconsideration addressed to me or in objections

to District Judge Skretny. *See* Eaton-Ross Associates, Inc. v. Mok, 1991 WL 274473, *6 (S.D.N.Y. 1991) ("In view of the fact that we are deciding on grounds not raised by any of the parties, we will entertain objections by any party filed on or before December 19"). If Target moves for reconsideration before me, the 14-day deadline for filing objections to this Report and Recommendation will begin to run from the date on which that motion is decided.

**B.     Target's Motion for Dismissal, Denial of Joinder, and/or Severance [8]**

Since I am recommending that plaintiff's motion be granted, I also recommend that Target's motion [8] likewise be remanded to state court for determination (given that - if my remand analysis is correct - this court lacks subject matter jurisdiction to decide that motion). *See* Gates v. Union Central Life Insurance Co. 56 F. Supp. 149, 153 (E.D.N.Y. 1944) ("as the motion to remand should be granted it seems to me that the motions . . . directed to the pleading and motion . . . for consolidation should properly be left to the State Court, therefore, I express no opinion as to such motions and have not considered them").

**CONCLUSION**

For these reasons, I recommend that plaintiff's motion [10] be granted, and that Target's motion [8] be remanded to New York State Supreme Court, County of Erie for determination by that court. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within 14 days after receipt of a copy of this Report and Recommendation.

The district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g.*, Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judges refusal to consider the objection.

**SO ORDERED**.

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: December 29, 2009